UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHIRAG PATEL                                                                 CIVIL ACTION

VERSUS

                                                                                 NO. 18-796-BAJ-RLB

REGIONS BANK, ET AL.

**ORDER**

Before the Court is Defendants Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc.'s ("Experian") Motion for Protective Order and Motion to Stay ("CRAs' Motion to Stay"). (R. Doc. 16). Also before the Court is Defendant Regions Bank's ("Regions") Motion to Quash Notices of Deposition, for Protective Order, to Stay Discovery, and for Expedited Consideration ("Regions' Motion to Stay"). (R. Doc. 19). Plaintiff has filed a single opposition addressing both motions. (R. Doc. 25). Trans Union and Experian have filed a Reply. (R. Doc. 32). Regions has filed a Reply. (R. Doc. 28).

**I.     Background**

On August 24, 2018, Chirag Patel ("Plaintiff") commenced this action alleging that the defendants violated the Fair Credit Billing Act, the Fair Credit Reporting Act, and the Telephone Consumer Protection Act by failing to investigate disputed charges to his stolen Regions Bank credit card. (R. Doc. 1).

On October 9, 2018, Regions filed a motion to compel arbitration and stay Plaintiff's claims against Regions pending resolution of the arbitration proceedings ("Regions' Motion to Compel Arbitration"). (R. Doc. 15). The motion is pending before the district judge.

On October 11, 2018, Plaintiff noticed the individual deposition of Roger Orr, a fraud investigator with Regions, and the Rule 30(b)(6) deposition of Regions. (R. Doc. 19-2 at 1-7).

On October 17, 2018, Trans Union and Experian filed their Motion to Stay, which seeks an order staying all discovery pending a ruling on Regions' Motion to Compel Arbitration and, if such motion is granted, the outcome of the arbitration. (R. Doc. 16).

On October 22, 2018, Regions filed its Motion to Stay, which seeks an order quashing the deposition notice and staying all discovery against Regions until the resolution of Regions' Motion to Compel Arbitration. (R. Doc. 19).

On October 23, 2018, the undersigned stayed all discovery in this action pending resolution of the foregoing Motions to Stay (R. Doc. 20) and cancelled the scheduling conference (R. Doc. 21).

On October 24, 2018, Plaintiff filed a motion to compel Trans Union and Experian to participate in any arbitration proceeding that Plaintiff is compelled to participate in with Regions ("Plaintiff's Motion to Compel Arbitration"). (R. Doc. 24).

**II.     Law and Analysis**

Rule 26(c) allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of

the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery.") (citation omitted).

Having considered the arguments of the parties, the Court finds good cause to continue its stay of discovery until the resolution of the pending Motions to Compel Arbitration. (R. Docs. 15, 24).

Plaintiff raises no substantive arguments in support of a finding that he should be allowed to conduct discovery with respect to Regions prior to resolution of the Regions' Motion to Compel Arbitration. At the heart of Plaintiff's opposition to the instant Motions to Stay is his argument that he should be allowed to conduct "arbitration-related" discovery regarding whether Trans Union and Experian must participate in any court-ordered arbitration between Plaintiff and Regions. Such discovery has no bearing on whether any arbitration between Plaintiff and Regions must proceed. Allowing Plaintiff to conduct discovery with respect to Regions prior to a determination of whether Plaintiffs and Regions must arbitrate their dispute would, if arbitration is required, subject Regions to undue burden and expense. Accordingly, the Court will grant Regions' Motion to Stay in its entirety.

Furthermore, as an alternative relief to his own motion to compel Trans Union and Experian to participate in any ordered arbitration, Plaintiff seeks an order compelling "arbitration-related" discovery with respect to Trans Union and Experian. (R. Doc. 24-1 at 8). In the course of determining whether arbitration between Plaintiffs and Regions is appropriate, the district judge may order such discovery to take place or otherwise stay the proceeding until resolution of the arbitration. *See Francisco v. Stolt-Nielsen, S.A.*, No. 02-2231, 2002 WL 31697700, at *6 (E.D. La. Dec. 3, 2002) ("Courts may stay proceedings as to multiple

defendants pending the outcome of arbitration, even if some of those defendants are non-signatories to the arbitration agreement.") (citations omitted).  Until such a determination is made, discovery shall remain stayed in this action.

### III.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant Regions Bank's Motion to Quash Notices of Deposition, for Protective Order, to Stay Discovery, and for Expedited Consideration (R. Doc. 19) is **GRANTED**.  Plaintiff's Notices of Deposition to Roger Or and Regions are **QUASHED**.

**IT IS FURTHER ORDERED** that Defendants Trans Union LLC and Experian Information Solutions, Inc.'s Motion for Protective Order and Motion to (R. Doc. 16) is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that discovery in this matter shall remain **STAYED** pending resolution of Regions' Motion to Compel Arbitration (R. Doc. 15) and Plaintiff's Motion to Compel Arbitration (R. Doc. 24).

Signed in Baton Rouge, Louisiana, on December 6, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] To the extent Trans Union and Experian seek an order staying this action in its entirety until resolution of any arbitration ordered to take place between Plaintiff and Regions, such relied is **DENIED** at this time.  The district judge shall make any determination regarding whether and to what extent the action shall remain stayed in resolving the pending Motions to Compel Arbitration (R. Docs. 15, 24).  Any additional arguments in support of a stay of the proceedings shall be directed to the district judge in the context of the pending Motions to Compel Arbitration.